PER CURIAM

*683 TEXTO COMPLETO DE LA SENTENCIA
El apelante, Sr. Luis R. Robles Rodríguez, nos solicita que revoquemos una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 30 de marzo de 2000. Mediante la misma, se distribuyó el caudal hereditario del fenecido Luis Robles Rosado entre el apelante, quien era su único hijo, y la apelada, la Sra. Rusila Rosa Velilla, su viuda.
Inconforme, acude ante nos el Sr. Robles Rodríguez y aduce que el tribunal apelado incidió en varios errores que mencionaremos más adelante.
Por los fundamentos que expresamos a continuación, se modifica la sentencia emitida por el Tribunal de Primera Instancia.
I
El 8 de abril de 1972, el Sr. Luis Robles Rosado contrajo matrimonio con la Sra. Rusila Rosa Velilla. Los esposos Robles Rosa no tuvieron hijos. No obstante, el Sr. Robles Rosado había estado casado anteriormente con la Sra. María Teresa Rodríguez —con la cual procreó al apelante, el Sr. Robles Rodríguez— y con la Sra. Eneroliza Rosa Velilla, la cual, a su vez, tenía una hija de un matrimonio anterior, la Sra. Zoraida del Río Rosa.
El 15 de septiembre de 1991, el Sr. Robles Rosado falleció intestado y el 10 de abril de 1992, el Tribunal de Primera Instancia declaró como su único y universal heredero al apelante, con reconocimiento de la cuota usufructuaria viudal correspondiente a favor de Doña Rusila.
El 15 de mayo de 1992, Doña Rusila presentó una demanda de división y adjudicación de bienes hereditarios. En la misma, hizo el siguiente desglose de los bienes del matrimonio: 

“1. Casa y solar en la Urb. Parkville en Guaynabo.

2. Propiedad en común pro indiviso del 50% de una casa en la Urb. Landrau.

3. Solar en la ciudad de Port Charlotte, estado de Florida.

4. Automóvil marca Volvo de 1982.

5. Certificado de depósito núm. 098083 del First Bank.

6. Cuenta corriente núm. 15-0201-0752 en el First Bank.

7. Cuenta de ahorros núm. 15-9881 en el First Bank.

8. Mobiliario de la casa de Parkville. ”

Estando pendiente la demanda de división y adjudicación de bienes hereditarios, el 3 de diciembre de 1996, el tribunal apelado declaró incapaz al apelante, Sr. Robles Rodríguez, y nombró a su primo hermano, el Sr. José A. Rodríguez Robles, como su tutor legal.
Luego de varios trámites procesales, el Tribunal de Primera Instancia celebró el juicio y el 30 de marzo de 2000 dictó sentencia, en la cual concluyó que el caudal ganancial estaba compuesto por la propiedad en la Urb. *684 Parkville, el mobiliario de dicha propiedad, un automóvil Volvo, un certificado de depósito y las cuentas de cheques y ahorros antes mencionadas. El valor adjudicado a estos bienes, según la evidencia presentada, ascendió a $236,921.54. El foro a quo determinó entonces que la mitad del valor de dichos bienes ($118,460.78), más el valor del caudal privativo ($49,448.88) conformaban el caudal hereditario perteneciente a la sucesión del Sr. Robles Rosado, el cual ascendió a $167,909.65. La cuota viudal usufructuaria se valoró en $28,502 tomando en cuenta la edad de Doña Rusila al momento de fallecer su esposo y el caudal sujeto al usufructo viudal. Siguiendo este análisis determinó que correspondía que se le adjudicaran a Doña Rusila $146,962.77 ($118,460.77 por su participación en la extinta sociedad de bienes gananciales, más $28,502 correspondientes a la cuota usufructuaria viudal).
El tribunal a quo adjudicó los bienes del caudal hereditario como sigue:

“A. A la Sra. Rusila Rosa Vetilla (para un total de $146,962.77):

1. La propiedad ubicada en la Urb. Parkville, valorada en $135,500.

2. El mobiliario de dicha propiedad, valorado en $2,000.

3. El vehículo Volvo, valorado en $2,000.

4. La cuenta de ahorros Núm. 15-9881, con balance de $741.78.

5. La cuenta de cheques Núm. 15-0201-0752, con balance de $2,476.00.

6. La partida de $4,244.99 en efectivo.

B. Al Sr. Luis R. Robles Rodríguez (para un total de $139,407.65):

1. La propiedad en la Urb. Reparto Landrau, valorada en $71,000. 

2. La propiedad en Port Charlotte, Florida, valorada en $4,000.

3. La partida de $9,948.88 correspondientes a las rentas devengadas por el alquiler de la propiedad de Reparto Landrau.

4. La partida de $54,458.77 en efectivo.” 

A renglón seguido, el foro apelado se expresó como sigue:
“Por haberle sido adjudicada al heredero la totalidad de la propiedad sita en Reparto Landrau, de esta participación adjudicada el heredero le pagará el 50% de dicha propiedad a su codueña, cantidad que asciende a $35,500. El heredero tiene que pagar también a la viuda el restante de los $4,244.99 que le corresponde a ésta en efectivo según lo antes señalado en su adjudicación. El total de ambas cifras asciende a la cantidad de $39,744.98.” (Enfasis suplido.)
El Sr. Robles Rodríguez solicitó la reconsideración del anterior dictamen el 18 de abril de 2000, a cuya solicitud se opuso la Sra. Rosa Velilla mediante moción presentada el 6 de junio de 2000. El 18 de julio de ese año, el Tribunal de Primera Instancia denegó la solicitud de reconsideración del apelante.
Así las cosas, el Sr. Robles Rodríguez presentó ante nos un recurso de apelación el 13 de septiembre de *685 2000, en el cual le imputa al tribunal a quo los siguientes errores:

“1. Omitir en su sentencia los compromisos de la Sra. Rosa Velilla de adjudicar al apelante la totalidad del Certificado de Depósito Núm. 098083, adquirir de la Sra. Zoraida Del Rio Rosa el 50% de una propiedad, ubicada en Reparto Landrau, con el propósito de traspasarla al Sr. Robles Rodríguez y entregarle a éste $5,061.40 en efectivo.

2. Calcular la cuota viudal usufructuaria en $28,502 y concluir que dicho valor es conforme a derecho.

3. Concluir que el total de los bienes adjudicados al Sr. Robles Rodríguez ascendía a $139,407.65, cuando en realidad fueron $103,907.65. ”

II

En atención a que la sentencia emitida por el tribunal recurrido adolece de algunos cómputos equivocados y de varias inconsistencias, es preciso que, para comprender mejor la naturaleza de los errores cometidos por ese foro, repasemos los cómputos en cuestión. Veamos.
El tribunal a quo determinó que, al 23 de enero de 2000, el valor de las propiedades de la extinta sociedad de bienes gananciales compuesta por el Sr. Robles Rosado y la Sra. Rosa Velilla era el siguiente:

“1. Propiedad en la Urbanización Parkville valorada en $135,500.

2. Cuenta de cheques Núm. 15-0201-0752 con balance de $2,476. 

3. Cuenta de ahorros Núm. 15-9881 cuyo balance era de $741.78.

4. Certificado de Depósito Núm. 098083 ascendente a la cantidad de $94,203.77.

5. Automóvil marca Volvo valorado en $2,000.

6. Mobiliario de la casa de Parkville valorado en $2,000. ”

Según lo anterior, el total de activos pertenecientes a los esposos Robles Rosa era de $236,921.55, de los cuales $118,460.77 le pertenecían a la Sra. Rosa Velilla por concepto de su participación en la sociedad de bienes gananciales que formaba con su difunto esposo.
Por otro lado, los activos pertenecientes al causante, con carácter privativo, son los siguientes:

“1. Participación en la propiedad de Reparto Landrau valorada en $35,500. 

2. Participación en las rentas producto del alquiler de la propiedad de Reparto Landrau $9,948.88. 

3. Propiedad en Port Charlotte, estado de Florida valorada en $4,000.”

El valor de los anteriores bienes de carácter privativo del Sr. Robles Rosado ascienden a $49,448.88. Para calcular el total del caudal sujeto a usufructo viudal de la Sra. Rosa Velilla, el Tribunal de Primera Instancia sumó los $118,460.77 correspondientes a la participación del fenecido en la sociedad de bienes gananciales y los $49,448.88 de carácter privativo para un total de $167,909.65. Luego, el foro a quo dividió dicha cifra entre tres (legítima corta, mejora y libre disposición) y multiplicó el resultado por .50924 —según las tablas del Servicio de Rentas Internas Federal- — • para calcular el usufructo viudal en $28,502. A estos fines tomó la edad *686 de la viuda al momento de fallecer el Sr. Robles Rosado y no al momento de efectuarse la partición de herencia, según corresponde, conforme analizaremos más adelante.
Finalmente, para computar las cantidades correspondientes a cada parte, el foro a quo, en el caso de Doña Rusila, sumó los $118,460.77 de bienes gananciales y $28,502 de cuota viudal, para un total de $146,962.77. A los $167,905.65 que constituyen la participación del único heredero, el Tribunal de Primera Instancia le restó los $28,502 correspondientes al usufructo viudal, para un total de $139,407.65 a ser adjudicado al Sr. Robles Rodríguez, lo cual es equivocado.
Consideramos adecuado comenzar con el análisis y discusión, en conjunto, de los errores 2 y 3 apuntados —relativos al cálculo de la cuota usufructuaria viudal y el monto de los bienes que se le adjudicaron al Sr. Robles Rodríguez — •. Según el análisis que presentamos, determinamos que ambos errores se cometieron.
III
A los fines de dilucidar este asunto, es menester que, en primer lugar, dispongamos lo concerniente a la división de la extinta sociedad de bienes gananciales constituida por la apelada y el fenecido, para luego pasar a efectuar las adjudicaciones de rigor. Dicha sociedad poseía los bienes que pasamos a especificar con los valores según surgen del récord ante nos.
1. Residencia en la Urb. Parkville valorada en $135,500.00
2. Certificado de depósito 94,203.77 
(Balance al 23 de enero de 2000)
3. Balance en cuenta corriente 4,976.00
4. Balance en cuenta de ahorros 741.78
5. Automóvil marca Volvo valorado en 2,000.00
6. Mobiliario del hogar valorado en 2.000.00
Total de los Bienes Gananciales $ 239,421.55
Según lo anterior, el total de los bienes sujetos a la partición es la suma antes consignada, por consiguiente los cómputos hechos por el Tribunal de Primera Instancia son incorrectos. Veamos.
En primer lugar, debemos aclarar que los activos pertenecientes a la sociedad de bienes gananciales es de $239,421.55 (en lugar de $236,921.54, como determinó el tribunal a quo) debido a que, entre otras cosas, el balance de la cuenta corriente con el First Bank era $4,976 y no $2,476 como equivocadamente señaló el foro a quo. Dicho error se produjo como consecuencia de que al apelante se le había hecho un adelanto de su participación hereditaria de $2,500 en efectivo los cuales, en su momento, deduciremos de la participación que corresponda adjudicársele del caudal hereditario de su padre. Por tal razón, la mitad de los bienes perteneciente a Doña Rusila como su participación en la sociedad de bienes gananciales es $119,710.78 y la otra mitad a la sucesión del Sr. Robles Rosado ascendente a $119,710.77.
A la participación en la sociedad de bienes gananciales correspondiente a la sucesión del fenecido, debe sumársele el valor de los bienes privativos de éste, los cuales hereda el aquí apelante, quien es su único hijo. Dichos bienes privativos lo constituyen:

*687
“1. Participación equivalente a un 50% en la residencia en Reparto Landrau, ascendente a $35,500.

2. Solar en Port Charlotte, Florida, con un valor de $4,000.

3. Mitad de las rentas devengadas por el alquiler de la propiedad en el Reparto Landrau $9,948.88. 

Total de los bienes privativos $49,448.88”

Conforme a lo antes expresado, el total de los bienes a ser divididos y/o sujetos a la partición de herencia asciende a $288,870.43 ($239,421.55 de los bienes gananciales y $49,448.88 de los bienes privativos).
En segundo lugar, veamos por qué disponemos que erró el Tribunal de Primera Instancia al computar la cuota usufructuaria viudal de Doña Rusila Rosa Velilla.
El Art. 761 del Código Civil, 31 L.P.R.A. see. 2411, dispone, en su parte pertinente, como sigue:

“El cónyuge viudo tendrá derecho a una cuota, en usufructo, igual a la que por legítima corresponda a cada uno de sus hijos o descendientes no mejorados.

Si no quedará más que un sólo hijo o descendiente legítimo, el viudo o viuda tendrá el usufructo del tercio destinado por ley a constituir la mejora, conservando aquél la nuda propiedad, hasta que por fallecimiento del cónyuge supérstite se consolide en él el dominio.” (Enfasis suplido.)
Según el segundo párrafo del citado artículo, en el caso de autos, la Sra. Rosa Velilla tendrá el usufructo del tercio de la herencia del Sr. Robles Rosado destinado por ley a constituir la mejora. Esto es así debido a que con ésta, sólo concurre a la herencia el apelante, Sr. Robles Rodríguez, único hijo del causante. En otras palabras, a la apelada le corresponde el usufructo de $56,386.55 del caudal hereditario de su esposo fallecido ($169,159.66 .3 = $56,386.55).
Al multiplicar $56,386.55 por el factor .37073, según la tabla del Servicio de Rentas Internas Federal, en atención a la edad de la viuda al momento de la partición y adjudicación de los bienes del caudal, obtenemos un resultado de $20,904.18, que corresponde que se le pague a Doña Rusila como conmutación del usufructo viudal.
El Art. 765 del Código Civil, 31 L.P.R.A. see. 2415, dispone como sigue:

“Los herederos podrán satisfacer al cónyuge su parte de usufructo, asignándole una renta vitalicia, o los productos de determinados bienes, o un capital en efectivo, procediendo de mutuo acuerdo, y, en su defecto, por virtud de un mandato judicial.

Mientras esto no se realice, estarán afectos todos los bienes de la herencia al pago de la parte de usufructo que corresponda al cónyuge viudo. ” (Enfasis suplido.)
Conforme a lo anterior, los herederos de un causante podrán, si así lo desean, conmutar o sustituir el usufructo viudal del cónyuge supérstite, como en el caso de autos. No obstante, hasta tanto dicha conversión se efectúe, todos los bienes del caudal estarán afectos al pago de la referida cuota viudal usufructuaria. Colón Gutiérrez v. Registrador, 114 D.P.R. 850 (1983).
En el caso de Colón Gutiérrez, el Tribunal Supremo resolvió que para que quedaran adecuadamente protegidos los derechos del cónyuge supérstite, deberá valorizarse su cuota viudal tomando en consideración el *688 valor de los bienes al momento de efectuarse la conversión o conmutación.
Por otro lado, añade el Prof. Efraín González Tejera que dicho valor también debe calcularse tomando en cuenta la edad del viudo o la viuda al momento de hacerse la conmutación de la referida cuota. Es decir, si ha mediado algún tiempo entre la conmutación de dicha cuota y la muerte del causante, el albacea tiene el deber de pagar al cónyuge supérstite los ñutos percibidos por el caudal durante ese tiempo. Efraín González Tejera, Derecho de Sucesiones, Tomo I, San Juan, Editorial de la Universidad de Puerto Rico, 2001, pág. 122.
Sin embargo, si el viudo o viuda ha estado disfrutando de los bienes del caudal hereditario desde el momento de la muerte de su cónyuge, es justo deducir, en lo que corresponda, dicho disfrute de la cuota viudal a la que tiene derecho. Esta es la situación en el caso de autos, debido a que la Sra. Rosa Velilla se mantuvo residiendo en la casa ganancial de Parkville aun después de la muerte de su esposo y, como ya hemos dicho, la mitad de la propiedad de dicho inmueble le pertenece al heredero del Sr. Robles Rosado. 
Como hemos visto del análisis anterior, el tribunal apelado se equivocó al efectuar el cómputo de la cuota usufructuaria viudal correspondiente a Doña Rusila, debido a que tomó en cuenta la edad de la viuda al momento del fallecimiento de su esposo y no su edad al momento de hacerse la partición de la herencia. Esa actuación fue incorrecta debido a que, al ésta continuar viviendo en la residencia de la Urbanización Parkville con posterioridad a la muerte del Sr. Robles Rosado, disfrutó parte del usufructo viudal a que tenía derecho.
En consecuencia, a Doña Rusila le corresponden los $119,710.78 de su participación en la extinta sociedad de bienes gananciales, más los $20,904.18 de la cuota usufructuaria viudal, lo cual arroja un total de $140,614.96.
Por otro lado, a la participación de $119,710.77 de dicha sociedad de bienes que hereda el apelante, deben sumársele los $49,448.88 que constituyen los bienes privativos que poseía el fenecido. Ello incrementa el caudal hereditario del Sr. Robles Rodríguez a la cantidad de $169,159.65. Desde luego, de ese caudal hereditario, a su vez, hay que deducir los $20,904.18 que éste debe compensar a la apelada por el usufructo viudal a que ésta tiene derecho. Con lo anterior se establece, que al apelante le corresponden $148,255.48 como participación hereditaria. No obstante, previo a efectuarse la adjudicación de la herencia, a ésta cantidad hay que restarle los $2,500 que le fueron adelantados a éste con cargo a su participación hereditaria. En conclusión, corresponde que se le adjudiquen al Sr. Robles Rodríguez $145,755.48.
Con el propósito de visualizar con mayor precisión lo antes consignado, recapitulamos:

“I. Bienes gananciales $239,421.55

II. Bienes gananciales privativos del Causante 49,448.88

Total de bienes a ser divididos y/o adjudicados 88,870.43

III. Partida a ser adjudicada a Doña Rusila -140,614.96

($119,710.78 de bienes gananciales y $20,904.18 de usufructo viudal) $148,255.48

Subtotal - 2,500.00

IV.Cantidad adelantada al heredero

*689
Caudal hereditario a ser adjudicado al Sr. Robles Rodríguez $145,755.48”

Atendidas las participaciones que le corresponden, tanto a la Sra. Rosa Velilla como al Sr. Robles Rodríguez, nos percatamos de que las adjudicaciones efectuadas por el Tribunal de Primera Instancia, son incorrectas. El foro a quo le conmutó a Doña Rusila su participación en la herencia —correspondiente al usufructo viudal— más su participación en la sociedad de bienes gananciales y le adjudicó los bienes indicados bajo el acápite I de esta sentencia. Por consiguiente, determinamos que el valor de las adjudicaciones que el tribunal a quo efectuó a favor de la viuda son mayores a su participación. Por ello, disponemos que erró dicho foro en perjuicio del Sr. Robles Rodríguez debido a que en adición a las adjudicaciones de la Propiedad de Port Charlotte (valorada en $4,000) y de Reparto Landrau (valorada en $71,000), le corresponden $70,755.48 en efectivo. Para efecto de estos cómputos consideramos la disposición del tribunal a quo (específicamente en la página 11 de la sentencia) en el sentido de que la demandante-apelada debe adquirir para beneficio del apelante el 50% del inmueble en el Reparto Landrau.
En virtud de lo aquí resuelto determinamos que el primer error no fue cometido, porque aun cuando la cantidad en efectivo que le corresponde es mayor a la determinada por el tribunal a quo, aún así es menor que la totalidad del certificado de depósito.
En vista de lo anterior, resolvemos que erró el Tribunal de Primera Instancia al ordenar la consignación de $64,407,65 a favor del apelante, en lugar de $70,755.48, que es la suma correcta según hemos visto.
Por otro lado, debemos aclarar que, en su sentencia, el Tribunal de Primera Instancia le adjudicó al heredero la participación que entendió que le correspondía a dicha parte en los bienes de su padre y la cual, a su vez, quedó modificada por este dictamen. No obstante, de la transcripción de la vista en su fondo surge lo siguiente:
Ledo. Hernández Recio (abogado de Doña Rusila Rosa Velilla):

Vuestro Honor, reiteramos lo que le ofrecemos al heredero; darle la totalidad del certificado, darle la mitad de Landrau y darle Fort Charlotte por su participación en la herencia y ahí más o menos suma la cantidad de lo que a él le corresponde.

Ledo. Yulián Pomar (abogado del Sr. Luis Ramón Robles, tutor del apelante):

Y la cantidad. . . una cantidad adicional.

Ledo. Hernández Recio:

Ah sí, mil y pico de dólares. Entonces, Vuestro Honor que se le adjudique a ella el Volvo del '82, los muebles del hogar y Calle Washington.

Juez:

Bien. ¿No hay objeción?

Ledo. Yulián Pomar:

No hay objeción.

Leda. Acosta Ruiz (Procuradora de la Familia):

*690
Vuestro Honor, nosotros tenemos algo que decir que en cuanto a lo que manifiestan los compañeros para que no sea tan costosa, el hecho de que la casa de Landrau no se pase a Doña Rusila, sino que ella se la pase directamente a una escritura al incapaz, o sea, mediante el tutor porque no entendemos porqué Doña Rusila, para que Doña Rusila se lo ceda cuando puede ser directamente por escritura pública.

Juez:

Me da la impresión de que Doña Rusila le va a entregar una cantidad de dinero.

Ledo. Hernández Recio:

Es que Doña Rusila le va a adquirir la participación de ella para podérsela pasar a él porque ella ... lo que pretende Doña Rusila es que él tenga un techo donde vivir.

Leda. Acosta Ruiz:
Nosotros ninguna objeción.”
(Enfasis suplido.) Véanse, págs. 52-54 de la Transcripción de la Prueba Oral. De lo anterior se desprende que, según lo expresado por el Ledo. Hernández Recio, abogado de la Sra. Rosa Velilla, ésta le ofreció al Sr. Robles Rodríguez bienes ascendentes a $169,203.77. Además, se comprometió a adquirir la mitad de la propiedad de Reparto Landrau que le pertenecía a la Sra. Del Río Rosa, para traspasarla a nombre del apelante. Como se puede apreciar, dicha cantidad es mayor a los $148,255.48 establecidos por ley como la participación correspondiente al apelante en la herencia de su padre. Sin embargo, nada impide lo anterior, en cuanto a que la apelada le otorgue a éste una participación mayor a la que realmente tendría derecho.
En vista de lo anterior, el foro apelado debió aceptar la oferta hecha por la Sra. Rosa Velilla, debido a que fue hecha como un acto de mera liberalidad en beneficio de un incapaz. Ese acto de desprendimiento, demuestra que la apelada interesaba mejorar la situación económica del Sr. Robles Rodríguez. En vista de ello, la Procuradora Especial de Relaciones de Familia manifestó en la vista su conformidad con la referida oferta.
Por último, debemos señalar que antes de que la Sra. Rosa Velilla pueda solicitarle al Tribunal de Primera Instancia el mandamiento dirigido al Registrador para inscribir la propiedad de la Urbanización Parkville a su nombre —según dispuso dicho foro en su sentencia — , la apelada tiene que adquirir de la Sra. Del Río Rosa, la correspondiente participación en la propiedad de Reparto Landrau, para inscribir ésta, en su totalidad, a nombre del Sr. Robles Rodríguez. Para esto, la Sra. Rosa Velilla dispondrá de un término razonable, que nos parece que sea de treinta días, a partir de la fecha en que advenga firme nuestra sentencia.
IV
Por los fundamentos anteriormente expuestos, revocamos la sentencia apelada y, en consecuencia, aprobamos la oferta de la Sra. Rosa Velilla a favor del Sr. Robles Rodríguez para la partición de la herencia. Por lo cual, la Sra. Rosa Velilla deberá entregarle al Sr. Robles Rodríguez, los bienes ofrecidos, valorados en $169,203.77. El Tribunal de Primera Instancia deberá observar lo aquí dispuesto al momento de autorizar el mandamiento dirigido al Registrador, relativo a la propiedad de Parkville.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*691 ESCOLIOS 2004 DTA 5
1. Los valores de los bienes desglosados serán expresados más adelante, debido a que el valor adjudicado a ellos en la demanda no corresponde al valor que finalmente le fue otorgado en la sentencia. Esto obedeció a que la sentencia fue dictada ocho años después de presentada la demanda y, por lo tanto, dichos valores cambiaron sustancialmente.
2. Véase Pág. 7 de la Sentencia del Tribunal de Primera Instancia (folio 9 del Apéndice). Dicha cantidad es incorrecta y por ende, el valor adjudicado como mitad de dichos bienes también es incorrecto. Ello será objeto de análisis más adelante en esta sentencia. De hecho, de un simple cómputo matemático nos podemos percatar de que las sumas son incorrectas.
3. Este cómputo también es equivocado según analizaremos en esta sentencia.
4. Según surge de los autos del caso, el 50% de la propiedad de Reparto Landrau le correspondía a la Sra. Zoraida Del Río Rosa. Ésta heredó dicha participación al fallecer su madre, Doña Eneroliza Rosa Velilla, quien, a su vez, había adquirido la referida propiedad junto con el causante, durante la vigencia del matrimonio entre ambos.
5. En la página 9 de la sentencia del tribunal a quo (folio 11 del Apéndice) se señala la cantidad citada; sin embargo, en la página 11 de la misma, (folio 13 del Apéndice) se refiere a $64,407.65.
6. La inconsistencia en la referida sentencia surge como resultado de lo expresado en las determinaciones de hechos (pág. 9 de la sentencia) vis a vis lo dispuesto en la parte dispositiva (pág. 11 de la sentencia). La contradicción consiste en que primero se menciona que el heredero debe pagar los $35,500 a la codueña de la propiedad, Sra. Zoraida del Río Rosa; sin embargo, posteriormente, se expresa que es Doña Rusila la que debe pagar los $35,500 antes referidos.
7. El Tribunal de Primera Instancia omitió mencionar que esta partida ascendía a $4,976, de los cuales se le adelantó al apelante $2,500 con cargo a su participación en la herencia.
8. El valor de dicha propiedad ascendía a $71,000, pero, como ya expresamos, el 50% de la misma le pertenece a la Sra. Del Río Rosa.
9. Las rentas ascendieron a $31,850, pero de dicha cantidad se dedujeron $11,952.24 correspondientes al pago de contribuciones de la propiedad, por lo cual, cada uno de los codueños era acreedor a un remanente de $9,948.88. Véase nota al calce anterior.
10. Este es el balance del certificado luego de deducidos $22,500 que fueron utilizados en los gastos de funeral y mantenimiento de las propiedades, entre otros, según surge de los autos del caso.
11. Como ya expresamos, la participación del heredero por dicha renta es de $15,925 a la cual se le dedujeron $5,976.12 para aportar al pago de las contribuciones sobre la propiedad, en su participación correspondiente. Véase, nota al calce núm. 9.
12. El Sr. Robles Rosado falleció en el 1991.
13. El Tribunal de Primera Instancia, equivocadamente, ordenó consignar solamente $64,407.65. Véase pág. 11 de la sentencia de ese foro (pág. 13 del Apéndice).